UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **PLAINTIFFS,**

**VS.**                                                 **CASE NO. 03-CR-801114**
                                                            **HON. PATRICK DUGGAN**

**CAROL COLEMAN,**

    **DEFENDANT.**

## ORDER FOR PSYCHIATRIC EXAMINATION OF DEFENDANT

      This matter has come before the Court upon stipulation and agreement of the attorneys in this matter. It is our belief that it would be in the best interest of the Defendant, Carol Coleman, to undergo a psychological/psychiatric evaluation regarding a possible mental defect or condition relative to the Defendant's competency and/or her ability to comprehend important portions of the potential charges and sentence she may be facing. The Court has found that Defendant Carol Coleman may presently be suffering from a mental disease or defect which may be rendering her mentally incompetent to proceed to either plead or proceed to trial. Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§4241-4247, it is hereby ordered:

That a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, see id §§ 4241(a), (b), 4247(b); that said psychiatrist or psychologist be granted access to the defendant's current medical treatment information; and that said psychiatrist or psychologist obtain relevant information from the defendant's attorney and the attorneys for the government;

That defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, see id. § 4247(b);

That the U.S. Marshals Service transport defendant to and from the facility;

1

That the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering form a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her, and (6) the examiner's opinions as to the defendant's mental competency, and defendant's current mental condition;

That the examiner promptly files the written report with this Court and provide copies of the report to defense counsel and the attorneys for the government, see id. § 4247 (c); and

That the period beginning with the Defendant's motion and ending with the conclusion of the competency hearing see id. §§ 4241(c), 4247(d), which will take place after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161 (h)(1)(A), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED.**

        **s/Patrick J. Duggan**
        **Patrick J. Duggan**
        **United States District Judge**

**Dated:  September 5, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2006, by electronic and/or ordinary mail.**

        **s/Marilyn Orem**
        **Case Manager**

Approved as to form:

s/ Kenneth C. Vert
s/ Karen J. Davis Roberts
August 31, 2006

1